IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRAVIS CHIDESTER, <br><br>     Plaintiff, <br><br> vs. <br><br> MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, <br><br>     Defendant. | **MEMORANDUM DECISION & ORDER** <br><br> Case No. 2:08cv00572-BCW |

This matter is before the court on Plaintiff Travis Chidester's appeal seeking reversal or remand of Defendant, Michael J. Astrue's, decision denying his claim for Disability Insurance Benefits (DIB). Following briefing, the court heard oral argument on the matter January 21, 2010. The court has carefully considered the memoranda, the administrative records, and the law and facts relating to the appeal. Being fully advised, the court renders the following Memorandum Decision and Order.

**PROCEDURAL HISTORY**

The Plaintiff, Mr. Chidester, protectively filed a DIB application on April 5, 2005. (Tr. 78) (Tr. refers to the administrative record that was filed with this court). The application was denied initially and upon reconsideration. Following the reconsideration denial, the claimant requested a hearing. A hearing was held in Salt Lake City, Utah, on July 16, 2007. (Tr. 394-

428).  The Administrative Law Judge ("ALJ") issued a decision on August 28, 2007, finding Mr. Chidester not disabled.  (Tr. 23-33).  The claimant filed a request for review by the appeals Council, which was denied.  (Tr. 5).  The timely appeal to this court followed.

## STANDARD OF REVIEW

The court reviews the Commissioner's decision to determine whether it is supported by substantial evidence and to evaluate whether the relevant legal standards were correctly applied.  *See Daniels v. Apfel*, 154 F.3d 1129 (10th Cir. 1998) *citing Castellano v. Secretary of Health & Human Services,* 26 F.3d 1027, 1028 (10th Cir. 1994).  "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (quotation omitted).  In determining whether substantial evidence supports the Commissioner's decision, the court examines the record as a whole, but does not reweigh the evidence.  *See id.*  The court does not substitute its judgment for that of the agency.  *See Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## BACKGROUND

Under the Social Security Administration's regulations, the ALJ applies the familiar five step sequential evaluation process to determine whether a claimant is disabled.  *See* 20 C.F.R. §§404.1520 et seq., and 416.920 et seq.  The first two steps are satisfied if the claimant has not engaged in substantial gainful activity ("SGA") since the alleged onset of disability and suffers from a severe impairment.  *See* 20 C.F.R. §§ 404.1520(b)(c) and 416.920(b)(c).  At step three,

the claimant's impairments are examined against a Listing of Impairments (Listing).  *See* 20 C.F.R. §§ 404.1520(d) and 416.920(d).  If the claimant's impairments meet or equal a Listing, disability is established.  *See id.*  If a Listing is not met or equaled, the evaluation moves on to steps four and five where an assessment is made of the claimant's residual functional capacity (RFC).  *See* 20 C.F.R. §§404.1520(e)(f) and 416.920(e)(f).  At step four, the ALJ determines whether the claimant can perform any past relevant work (PRW).  If the claimant cannot, the evaluation moves on to step five, where the ALJ decides whether the claimant can perform other work that exists in significant numbers in the economy.  *See id.*  If there is no work that the claimant can perform, disability is established.  *See id.*

The claimant has the burden of proof on the first four steps with the burden shifting to the Commissioner on the fifth.  At step five, the Commissioner has the burden of showing the claimant's RFC is adequate to perform other work that is available in significant numbers in the regional or national economies.  If the Commissioner fails to make this showing, an award of disability benefits is appropriate.  *See id.*; *see also, Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993).

In the present case, the ALJ found at step one that Mr. Chidester had not engaged in SGA since the alleged onset date.  At step two, he found that he had severe physical impairments, but no severe mental impairments.  (Tr. 25-26).  At step three, the ALJ found that none of Mr. Chidester's impairments met or equaled a Listing.  (Tr. 26).  At step four, he found that Mr. Chidester was unable to return to any past relevant work.  (Tr. 31).  At step five, relying on

testimony elicited from a vocational expert, the ALJ found that he could make a "successful adjustment to other work that exists in significant numbers in the national economy."  (Tr. 32).

## DISCUSSION

On appeal, Mr. Chidester argues (1) that the ALJ improperly rejected the claimant's mental health impairments as frivolous complaints at step two of the sequential evaluation process; (2) that the ALJ improperly rejected the opinions of the claimant's treating and examining physicians; (3) that the ALJ improperly rejected the claimant's own testimony, and (4) that the ALJ failed to meet his step five burden of identifying specific jobs the claimant could perform in light of his limitations as set forth in the record.  The court finds Plaintiff's second and fourth arguments persuasive and therefore does not address the other two.

*(i). The ALJ Improperly Rejected the Opinions of Claimant's Treating and Examining Physicians*

Upon review of the record, the court concludes the ALJ erred in rejecting the opinions of Plaintiff's treating medical providers and other consultative examiners.  The ALJ failed to provide legitimate reasons for rejecting these opinions.  And further, the ALJ's decision to reject Plaintiff's treating medical providers is not supported by substantial evidence in the record.

The opinion of a treating physician is entitled to great weight and the Commissioner must provide "specific, legitimate reasons" for rejecting a physician's opinion.  *See Miler v. Chater, 99 F.3d 972 (10th Cir. 1996)*; *Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)*. "If a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the record, it must be given controlling weight, i.e., it must be adopted."  Social

Security Ruling 96-2p: *Policy Interpretation Rule Titlest II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, available at http://www.socialsecurity.gov/OP_Home/rulings/di/01/SSR96-02-di-01.html.

Here, the ALJ rejected the disability opinions of the Claimant's treating primary care provider, Otto Dickman, MD, and his treating neurosurgeon, Paul Gardner, MD. The ALJ also rejected the opinion of Mr. Matt Badger, a certified nurse practitioner, who assisted with Claimant's treatment.

Dr. Dickman's assessment included a number of significant work-related limitations. For example, he noted that Mr. Chidester has to take frequent breaks to lie down during the day, that he would miss four or more days of work per month, and that his pain would adversely affect his concentration to the extent that he would be off task over 1/3 of the time while in a work setting. (Tr. 354-55).

The ALJ rejected Dr. Dickman's opinions because a physical therapist, who conducted a physical capacities evaluation (PCE), noted that Plaintiff "could lift in the sedentary range, and his dexterity was productive." (Tr. 31). The ALJ failed to explain how these findings undermined Dr. Dickman's assessment regarding Plaintiff's need to lie down during the day, his concentration deficits, or his need to miss four or more days of work per month due to pain. In essence, the ALJ failed to provide any reasons for rejecting Dr. Dickman's opinions regarding Plaintiff's limitations.

In similar fashion, the ALJ also failed to provide valid reasons for rejecting the opinion

5

of Dr. Gardner's nurse practitioner, Mr. Badger.  Mr. Badger noted that Plaintiff has a need to take breaks to lie down during the day; would miss at least four days of work per month; and would be off task at least 1/3 of the time due to concentration deficits.  (Tr. 356-59).  As noted above, these limitations are consistent with the opinions of Mr. Chidester's treating physician Dr. Dickman.  The ALJ cites two reasons for rejecting the opinion of Mr. Badger.  First, prior to conducting this evaluation, Mr. Badger had not seen the claimant for approximately 6 months.  And, second, Mr. Badger did not have "the benefit of the PCE" which showed the "capacity to perform sedentary lifting."  The PCE was conducted a month after Mr. Badger's report.  (Tr. 31).  So the ALJ is correct in his opinion that Mr. Badger did not have the benefit of the PCE.  But, the evidence in the record does not support the ALJ's reasons for rejecting Mr. Badger's opinion.

     First, the ALJ fails to explain how the fact that Mr. Chidester had not visited the neurosurgeon's clinic for six months somehow undermines Mr. Badger's assessment.  Mr. Badger's assessments are consistent with other evidence in the record, and the passage of six months between visits does not *per se* undermine his assessments.  Perhaps if Mr. Chidester had gone years between visits the court would be persuaded by the Commissioner's position.  But, going six months between visits does not seem unreasonable in this case.

     Next, the ALJ places far too much weight on a PCE that does not undermine the limitations set forth in the record.  Nothing in the PCE contradicts the opinions of Dr. Dickman or Mr. Badger that Mr. Chidester has to lie down during the day and miss at least four days of work per month.  Further, the PCE fails to address Mr. Chidester's attention and concentration

deficits.

As noted earlier, "If a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the record, it must be given controlling weight, i.e., it must be adopted." Social Security Ruling 96-2p.  Based upon a review of the record, the court concludes the opinion of Dr. Dickman is entitled to controlling weight.  While Mr. Badger is not a doctor, he is a nurse practitioner that assisted one of Mr. Chidester's treating physicians.  So, Mr. Badger's opinions should at a minimum be given some weight, especially because they are consistent with other evidence in the record.  In sum, the court finds the stated reasons offered by the ALJ for rejecting these medical providers' opinions is not supported by the evidence in the record.

The ALJ also implicitly rejected the opinion of consultative examiner, Dr. Brown, who noted that Plaintiff needed frequent breaks of 15-20 minutes at a time.  The ALJ provided no reasons for rejecting this limitation while giving credit to the remainder of Dr. Brown's opinions. (Tr. 30).  "[I]t is well settled that administrative agencies must give reasons for their decision." *Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir. 1988).  Here, the ALJ failed to state why part of Dr. Brown's assessment was rejected.

This same omission-the need to take frequent breaks-is also present in the ALJ's RFC finding, which is nearly an exact reiteration of Dr. Brown's assessment.  The ALJ used this RFC as the basis for one of his hypotheticals to the vocational expert. (Tr. 27-28).  The court cannot accept such a flawed RFC as the basis for denying Mr. Chidester benefits without more

information from the ALJ as to why the need to take frequent breaks was omitted. The evidence in the record simply does not support the ALJ's omission of frequent breaks.

*(ii). The ALJ Erred at Step Five in the Analysis*

At step five, the Commissioner has the burden of showing the claimant's RFC is adequate to perform other work that is available in significant numbers in the regional or national economies. In determining this RFC an ALJ has the duty to fairly evaluate the entire record, weigh all the evidence in the case and give reasons for making certain decisions. *See Reyes*, 645 F.2d at 244. In the instant case, the ALJ concluded at step five that the Claimant had the RFC to make a "successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 32). After reviewing the entire record as a whole, *see Flaherty*, 515 F.3d at 1070, the court concludes the ALJ erred in deciding Claimant could perform other work in the economy.

As noted earlier, the ALJ failed to properly address Plaintiff's limitations by improperly rejecting the opinions of Mr. Chidester's medical providers. This error undermined the ALJ's analysis at step five because the RFC relied on by the ALJ would be suspect to these same problems. Thus, the court concludes there is not substantial evidence in the record to support the ALJ's decision at step five.

Finally, when Mr. Chidester's limitations that are supported in the record were presented to the vocational expert at the hearing, the expert testified that an individual with such limitations would be unable to perform any jobs that are available in significant numbers in the

national economy. (Tr. 426-27). So when the correct RFC was presented to the vocational expert, the expert testified Mr. Chidester could not work. Based on this testimony, the court finds that a remand for further proceedings is unnecessary and would only create further delay. The court concludes Mr. Chidester is disabled under the regulations.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED. The court orders the Defendant to award benefits based on the application filed on April 5, 2005, with a disability onset date of July 9, 2004. IT IS FURTHER ORDERED that judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the United States Supreme Court's decision in *Shalala v. Schaefer*, 509 US 292, 296-302 (1993).

DATED this 25th day of February, 2010.

BY THE COURT:

Brooke C. Wells
United States Magistrate Judge