# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| TRAVIS CHIDESTER, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner, Social Security Administration, <br><br> Defendant. | **ORDER AND MEMORANDUM DECISION DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** <br><br> Case No. 2:08-cv-00572-BCW <br><br> Judge Brooke C. Wells |

Defendant Michael J. Astrue moves this Court pursuant to Federal Rule 59(e) to alter or amend its Order and Judgment entered on February 26, 2010.[1] Whether to grant or deny a motion for reconsideration under Rule 59(e) is committed to the court's discretion.[2] As set forth below, the Court exercises this discretion and DENIES Defendant's Motion for Reconsideration.

Rule 59(e) provides both the parties and the Court an opportunity to reconsider a judgment. The Tenth Circuit recognizes only certain grounds for granting a Rule 59(e) motion. The movant must be able to show: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice.[3] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[4] A Rule 59(e) motion should be granted "only if the moving party can present new facts or clear errors of law that

---
[1] Docket nos. 30 and 31.
[2] *See* Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).
[3] *See* SEvants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Brumark Corp v. Samson Resources Corp, 57 F.3d 941, 948 (10th Cir. 1995).
[4] Servants of the Paraclete, 204 F.3d at 1012.

1

compel a change in the court's prior ruling."[5] In essence, "[i]n order to show clear error or manifest injustice, the [movant] must base its motion on arguments that were previously raised but were overlooked by the Court – '[p]arties are not free to relitigate issues that the Court has already decided.'"[6] Courts routinely deny Rule 59(e) motions in which the movant rehashes old arguments, attempts to re-argue an issue more persuasively that the court has already addressed, or where a movant tries to take the proverbial second bite at the apple.[7]

In its motion for reconsideration, Defendant "does not dispute the Court's determination that the ALJ erred by failing to consider the opinions of Dr. Dickman, Mr. Badger, and Dr Brown in accordance with 20 C.F.R. § 404.1527(d) and SSR 06-03p."[8] Instead, Defendant urges this Court to remand the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g)[9] rather than award benefits. The problem, however, with Defendant's arguments is they essentially recast arguments presented to the Court previously. For example, Defendant has already argued that the ALJ was not required to give controlling weight to the treating doctor's opinion because it was based on Plaintiff's subjective complaints of pain. And now, under Rule 59(e), Defendant argues this "Court erred in giving controlling weight to Dr. Dickman's opinion because it was based on Plaintiff's complaints of pain."[10] Re-arguing an issue that the Court has already addressed is not a proper basis for granting a Rule 59(e) motion.[11]

---

[5] *Bao Ge v. Li Peng*, 201 F.Supp.2d 14, 26 (D.D.C. 2001) (quotations and citations omitted), *aff'd* 35 Fed. Appx. 1 (D.C.Cir. Mar. 1, 2002).
[6] *United States v. Jasin*, 292 F.Supp.2d 670, 676 (E.D.Pa. 2003) (citations omitted).
[7] *See e.g., National Metal Finishing Co., Inc. v. Barclays American/Commercial Inc.*, 899 F.2d 119, 123 (1st Cir. 199)(citing numerous cases for the proposition that Rule 59(e) motions are routinely rejected where the movant "was rehashing old arguments already rejected by the trial court"); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case"); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (upholding denial of Rule 59(e) motion where motion "presented no arguments that had not already been raised").
[8] Mem. in supp. p. 4.
[9] *See* 42 U.S.C. § 405(g).
[10] Mem. in supp. p. 3.
[11] *See* fn. 7 *supra*.

Finally, in contrast to Defendant's assertions, the Court did not reweigh the evidence. Instead, the Court reviewed the entirety of the evidence in the record, including the vocational expert's testimony which the ALJ partially ignored or missed. An ALJ has a duty to consider the entire record and cannot pick and choose from the evidence "using only those parts that are favorable to a finding of nondisability."[12] To the extent Defendant disagrees with the Court's decision, such is a matter for the Tenth Circuit Court of Appeals.

In sum, the Court does not find Defendant's arguments persuasive and Defendant fails to meet its burden under Rule 59(e). The Court therefore DENIES Defendant's Rule 59(e) Motion for Reconsideration.

SO ORDERED this 28th day of April 2010.

BY THE COURT

*Brooke C. Wells*

Magistrate Judge Brooke C. Wells

---

[12] *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004); *see Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) (stating that it is improper for the Commissioner to "use only the portions favorable to her position, while ignoring other parts"); *Smith v. Bowen*, 687 F.Supp. 902, 904 (S.D.N.Y. 1988) (stating that an ALJ "cannot pick and choose evidence that supports a particular conclusion").